UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

===================================

ABRAHAM KNOLL individually and
on behalf of all others similarly situated

                        Plaintiff,

    -against-

CAPITAL MANAGEMENT SERVICES, L.P.

                        Defendant.

===================================

**CLASS ACTION COMPLAINT**

*I.   Introduction*

Now comes Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

1. Plaintiff Abraham Knoll brings this action to secure redress from unlawful collection practices engaged in by Defendant Capital Management Services, L.P.

2. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

3. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f.

## II. Parties

4. Plaintiff is a citizen of the State of New York who resides within this District.

5. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

6. Upon information and belief, Defendant's principal place of business is located in Buffalo, New York.

7. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

8. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## III. Jurisdiction and Venue

9. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## IV. Allegations

11. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

12. On or about August 9, 2017, Capital Management Services, L.P. sent a collection letter to the Plaintiff Abraham Knoll. (see attached exhibit)

13. Upon information and belief, the said August 9, 2017 letter was the Defendant's initial communication with the Plaintiff.

14. The letter fails to adequately convey the "amount of the debt".

15. The letter stated in part: "As of the date of this letter you owe $3016.47. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater."

16. This language violates § 1692g(a)(1), which requires debt collectors to inform consumers of the amount of the debt, and § 1692e, which prohibits the use of false, deceptive, or misleading representations in connection with the collection of a debt.

17. The language stated above violates these provisions because it fails to inform Plaintiff whether the amount listed is the actual amount of the debt due, what other interest or charges might apply.

18. The letter does not provide any explanation or information about the claimed accruing interest and charges.

19. In order to comply with the FDCPA's provision which mandates that a collector inform the consumer in its initial communication of "the amount of the debt" the collector must give the consumer the tools in which the consumer could easily calculate the amount due on the date, he or she receives the letter.

20. In order to comply with the FDCPA's provision which mandates that a collector inform the consumer in its initial communication of "the amount of the debt" the collector must give the consumer the tools in which the consumer could easily calculate what he or she will need to pay to resolve the debt at any given moment in

the future.

21. The failure to provide this information or tools to ascertain "the amount of the debt" on the date of receipt of the letter or at any give other time in the future does not comply with 1692g as it fails to <u>meaningfully</u> provide "the amount of the debt".

22. It is not enough that the collector provide "the amount of the debt" on the date of the letter. The consumer must be able to know the interest rate and be able to discern the amount of the debt at given time in the future. See *Taylor v. Fin. Recovery Servs., Inc.*, No. 17-1650-cv, 2018 BL 109391 (2d Cir. Mar. 29, 2018) ("In Carlin, we explained that a collection notice fails to satisfy Section 1692g if "it omits information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase.")

23. In *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 216 (2d Cir. 2017), the Second Circuit clarified its holding in *Avila* by explaining that a collection letter "is incomplete where . . . it omits information allowing the least sophisticated consumer to determine the minimum amount she owes at the time of the notice, what she will need to pay to resolve the debt at any given moment in the future, and an explanation of any fees and interest that will cause the balance to increase."

24. This language in the collection letter did not adequately state the amount of the debt, as required under the FDCPA. In particular, the collection letter failed to specify or explain what the interest rate was or what type of charges could cause the balance to increase, nor did they inform the debtor what he or she would need to pay

to resolve the debt at any given moment in the future. The letter precluded a determination of what "the amount if the debt" was on the date of receipt of the letter.

25. The least sophisticated consumer would not understand how the fees would be calculated; what the current interest rate was and whether they could be disputed; or what provision of the underlying credit agreement gave rise to them.

26. The Defendant did not refer the Plaintiff to the underlying credit card agreement with the original lender. As was true in *Carlin*, the least sophisticated consumer would not understand from this reference what provision of that agreement, if any, gives rise to the potential "accrued interest and other charges" described in the said collection letter.

27. The Defendant's collection letter violates sections 1692g(a)(1) and 1692e of the FDCPA, since the collection letter failed to adequately convey the "amount of the debt".

28. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

29. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

30. The letter fails to inform Plaintiff whether the amount listed is the actual amount of the debt due.

31. The letter fails to inform Plaintiff whether the amount listed already includes accruing "interest."

32. The letter fails to inform Plaintiff whether the amount listed already

includes "late charges, and other charges."

33. The letter fails to advise Plaintiff what portion of the amount listed is principal.

34. The letter fails to inform Plaintiff whether the amount listed will increase.

35. The letter fails to inform the consumer as to what he or she may need to pay to resolve the debt at any moment after the date of the letter, or provide an explanation of any fees and interest that will cause the balance to increase.

36. The letter fails to inform Plaintiff what "late charges, and other charges" might apply.

37. The letter fails to inform Plaintiff if "late charges, and other charges" are applied, when such "late charges, and other charges" will be applied.

38. The letter fails to inform Plaintiff if "late charges, and other charges" are applied, what the amount of those "late charges, and other charges" will be.

39. The letter fails to inform Plaintiff of the nature of the "late charges, and other charges."

40. The letter fails to inform Plaintiff if there is accruing interest, what the amount of the accruing interest will be.

41. The letter fails to inform Plaintiff if there is accruing interest, when such interest will be applied.

42. The letter fails to inform the Plaintiff if there is accruing interest, and what the interest rate is.

43. The letter fails to inform Plaintiff if there is accruing interest, the amount of money the amount listed will increase per day, per week, per month or per any

measurable period for that matter.

44. The letter fails to indicate the minimum amount the Plaintiff owed at the time of the letter.

45. The letter fails to provide information that would allow the least sophisticated consumer to determine the minimum amount he or she owes at the time of the letter.

46. The letter fails to provide information that would allow the Plaintiff to determine what Plaintiff will need to pay to resolve the debt at any given moment in the future.

47. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

48. The least sophisticated consumer could reasonably believe that the debt could be satisfied by remitting the listed amount "as of the date of this letter," at any time after receipt of the letter.

49. The least sophisticated consumer could reasonably believe that the amount listed was accurate only on the date of the letter.

50. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the applicable interest rate.

51. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate what the amount of the accrued interest will be.

52. If interest is continuing to accrue, the least sophisticated consumer would

not know the amount of the debt because the letter fails to indicate when such interest will be applied.

53. If interest is continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the amount of money the amount listed will increase at any measurable period.

54. If “late charges, and other charges” are continuing to accrue, the least sophisticated consumer would not know the amount of the debt because the letter fails to indicate the nature of the “late charges, and other charges.”[1]

55. The Defendant’s failures are purposeful.

56. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer whether the amount listed will increase.

57. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer what “late charges, and other charges” might apply.

58. In order to induce payments from consumers that would not otherwise be made if the consumer knew the true amount due, Defendant does not inform the consumer when such “late charges, and other charges” will be applied.

---

[1] *Carlin v. Davidson Fink LLP*, 852 F.3d 207 (2d Cir. 2017); *Balke v. All. One Receivables Mgmt.*, No. 16-cv-5624(ADS)(AKT), 2017 U.S. Dist. LEXIS 94021, at *14 (E.D.N.Y. June 19, 2017) ("[T]he Collection Letter in this case refers with vagueness to "accrued interest or other charges," without providing any information regarding the rate of interest; the nature of the "other charges"; how any such charges would be calculated; and what portion of the balance due, if any, reflects already-accrued interest and other charges. By failing to provide even the most basic level of specificity in this regard, the Court "cannot say whether those amounts are properly part of the amount of the debt," for purposes of section 1692g.Carlin, 852 F.3d at 216. Further, as set forth in Carlin, without any clarifying details, the Collection Letter states only that these unspecified assessments may be added to the balance due, which the Court finds to be insufficient to "accurately inform[ ] the [Plaintiff] that the amount of the debt stated in the letter will increase over time.")

59. Defendant failed to clearly and unambiguously state the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

60. The Defendant's letter would likely make the least sophisticated consumer uncertain as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

61. The letter would likely make the least sophisticated consumer confused as to the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

62. Defendant's conduct constitutes a false, deceptive, and misleading means and representation in connection with the collection of the debt, in violation of 15 U.S.C. § 1692e.

63. The letter can reasonably be read by the least sophisticated consumer to have two or more meanings concerning the actual balance due, one of which must is inaccurate, in violation of 15 U.S.C. § 1692e.

64. In fact, the balance did continue to increase on the account as was seen in the balance due of a subsequent letter sent to the Plaintiff on or about October 6, 2017 by the Defendant regarding the same account.

65. Defendant's conduct violates 15 U.S.C. §§ 1692g(a)(1) and 1692e.

66. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

67. Plaintiff suffered actual harm by being the target of Defendant's misleading debt collection communications.

68. The Plaintiff alleges and avers that Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

69. The Plaintiff alleges and avers that Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

70. The Plaintiff alleges and avers that Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

71. The Plaintiff alleges and avers that Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

72. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Plaintiff alleges and avers that Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

73. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

74. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## V. Class Allegations

75. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

76. The identities of all class members are readily ascertainable from the records of Capital Management Services, L.P. and those business and governmental entities on whose behalf it attempts to collect debts.

77. Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Capital Management Services, L.P., and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

78. There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

79. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

80. The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

81. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the FDCPA.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all

members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

82. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the FDCPA, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

83. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

84. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

85. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

### VI. Cause of Action

86. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

87. This cause of action is brought on behalf of Plaintiff and the members of a class of whom Defendant's records reflect resided in the State of New York:

   a) who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff, within one year prior to the date of the within complaint up to and including the date of the filing of this complaint;

   b) the collection letter was sent to a consumer seeking payment of a personal debt;

   c) the collection letter was not returned by the postal service as undelivered;

   d) the Plaintiff alleges and avers that the letter contained violations of 15 U.S.C. §§ 1692e and 1692g(a)(1) of the FDCPA for the use of any false representation or deceptive means to collect or attempt to collect any debt, for misrepresenting the amount of the debt owed by the Plaintiff and for failing to accurately state the amount of the debt in the initial communication.

### VII. Violations of the Fair Debt Collection Practices Act

88. The Defendant's actions as set forth above in the within complaint violates the FDCPA.

89. Because the Defendant violated the FDCPA, the Plaintiff and the members of the class are entitled to damages in accordance with the FDCPA.

90. As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover statutory damages, costs and attorney's fees.

### *VIII.   Jury Demand*

91. Plaintiff demands a trial by jury.

### *IX.   Prayer for Relief*

92. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

1) Statutory damages under the FDCPA, 15 U.S.C. § 1692(k);

2) Attorney fees, litigation expenses and costs of suit;

3) An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities; and

4) Such other and further relief as the Court deems proper.

Dated: Brooklyn, New York
September 7, 2018

/s/ David Palace_____
**Law Offices of David Palace** (DP 3855)
383 Kingston Ave. #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012

698 1/2 SOUTH OGDEN STREET
BUFFALO, NY 14206-2317

**CAPITAL MANAGEMENT SERVICES, LP**
698 1/2 South Ogden Street Buffalo, NY 14206-2317
Office Hours: M-F 8 am - 9 pm ET
Sat 8 am - 1 pm ET
Toll Free: 1-877-335-6949, Fax: 716-512-6046

Reference# [Redacted]81

Original Creditor: BARCLAYS BANK DELAWARE
Current Creditor: BARCLAYS BANK DELAWARE
Description: AAdvantage Aviator Red
Account #: 7047
AMOUNT ENCLOSED: _____
Amount of Debt: $3016.47

T9  P2****AUTO**ALL FOR AADC 112

Abraham E Knoll

[Redacted]

PLEASE DETACH AND RETURN TOP PORTION WITH PAYMENT TO ADDRESS LISTED BELOW

August 09, 2017

Dear Abraham E Knoll:

This company has been engaged by BARCLAYS BANK DELAWARE to resolve your delinquent debt. As of the date of this letter, you owe $3016.47. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For more information, write the undersigned or call 1-877-335-6949.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment, if applicable and mail you a copy of such verification or judgment. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different than the current creditor.

You may contact Capital Management Services, LP. at 698 1/2 South Ogden Street, Buffalo, NY 14206-2317 or call 1-877-335-6949 Mon. through Fri. 8 am to 9 pm ET, Sat. 8 am to 1 pm ET. Please submit your payment and make your check or money order payable to Capital Management Services, LP. at the address listed above. You may also make payments online at: www.cms-trans.com.

This is an attempt to collect a debt; any information obtained will be used for that purpose. This communication is from a debt collector.

**ADDITIONAL INFORMATION FOR NEW YORK CITY RESIDENTS**

This collection agency is licensed by the New York City Department of Consumer Affairs, License No. 1242722.
Please contact Ronnie Learman at 1-866-900-9732 with any questions or concerns.

**Please see additional page(s) for information regarding New York State Residents.**

2019/G3

Capman-122733.let  323668 * 01-BARCLAYS BANK DELAWARE-004600-NY * 644

698 1/2 SOUTH OGDEN STREET
BUFFALO, NY 14206-2317

Reference# Redacted 981

**CAPITAL MANAGEMENT SERVICES, LP**
698 1/2 South Ogden Street Buffalo, NY 14206-2317
Office Hours: M-F 8 am - 9 pm ET
Sat 8 am - 1 pm ET
Toll Free: 1-877-335-6949, Fax: 716-512-6046

Original Creditor: BARCLAYS BANK DELAWARE
Current Creditor: BARCLAYS BANK DELAWARE
Description: AAdvantage Aviator Red
Account #: 7047
Amount of Debt: $3225.46
AMOUNT ENCLOSED: _____
Current Address: _____
_____
Current Phone #: _____

T21 P1****AUTO**ALL FOR AADC 112

Abraham E Knoll

Redacted

PLEASE DETACH AND RETURN TOP PORTION WITH PAYMENT TO ADDRESS LISTED BELOW

October 06, 2017

************35% SETTLEMENT OFFER************

Dear Abraham E Knoll:

On behalf of BARCLAYS BANK DELAWARE, Capital Management Services has been engaged to resolve your above-referenced account. Because of interest, late charges and other charges that may vary from day to day, the balance due on the day you pay may be greater. Hence, if you pay the balance in full shown above, an adjustment may be necessary after we receive your check, in which case we will inform you before depositing the check for collection. Capital Management Services, LP is willing to accept less than the full balance due as a settlement on your above mentioned account. The settlement offer shall be $1128.91 due in our office on or before 10/20/2017. We are not obligated to renew this offer.

If you choose to settle the account, upon clearance of sufficient funds, our records will be updated to reflect that the above account has been satisfied. Once your account is settled for less than the full balance, Barclays Bank Delaware (Barclaycard) will send notification to the credit reporting agencies to reflect the settlement. Please allow at least 30 days for the change to be updated on your credit bureau. This letter is contingent on the clearance of all payments made towards the settlement. If any payments made as part of the settlement fail to clear, this agreement will be null and void.

You may send the settlement payment to Capital Management Services, LP. at 698 1/2 South Ogden Street Buffalo, NY 14206-2317. Our representatives are trained to offer assistance regarding this obligation. For account inquiries, you may contact Capital Management Services, LP. by calling 1-877-335-6949 Mon. through Fri. 8 am to 9 pm ET, Sat. 8 am to 1 pm ET. You may also make payments online at: www.cms-trans.com.

This is an attempt to collect a debt; any information obtained will be used for that purpose. This communication is from a debt collector.

### ADDITIONAL INFORMATION FOR NEW YORK CITY RESIDENTS

This collection agency is licensed by the New York City Department of Consumer Affairs, License No. 1242722.

Please contact Ronnie Learman at 1-866-900-9732 with any questions or concerns.

5589 G3                                                                                    Capman-122733.let  402-408 * 20-BARCLAYS BANK DELAWARE-004600-NY * 6-17